*AML*
*8-23-2017*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

LJW/DEH: USAO # 2017R00570

2017 AUG 24  PM 5: 01

CLERK'S OFFICE
AT BALTIMORE

BY ___ K ___ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No.** _CCB-17-0452_ |
| **v.** | **(RICO Conspiracy, 18 U.S.C. § 1962(d);** |
| **THOMAS ALLERS,** | **RICO, 18 U.S.C. § 1962(c); Hobbs Act** |
| **Defendant.** | **Robbery, 18 U.S.C. § 1951; Criminal** |
| | **Forfeiture, 21 U.S.C. § 853)** |

## INDICTMENT

## COUNT ONE
### (RICO Conspiracy)

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment:

### THE ENTERPRISE

1.     The Baltimore Police Department ("BPD") was an agency of the State of Maryland whose jurisdiction covered Maryland's largest city, Baltimore, with a population of more than 621,000.  The BPD was the eighth largest municipal police force in the United States staffed by nearly 3,100 civilians and sworn personnel.

2.     The BPD constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4).  The BPD engaged in, and its activities affected, interstate commerce.

3.     The Gun Trace Task Force ("GTTF") was a specialized unit within the Operational Investigation Division of the BPD.  The primary mission of the GTTF was the tracking and tracing of recovered firearms in order to identify and suppress the possession, purchasing, and trafficking of illegal firearms within Baltimore City, and to assist with the investigation and prosecution of firearms-related offenses.

4.     Sworn members of the BPD must abide by the Law Enforcement Officer's Code

of Ethics, which provides, in pertinent part:

> As a Law Enforcement Officer, my fundamental duty is to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation; the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality and justice. I will keep my private life unsullied as an example to all and will behave in a manner that does not bring discredit to me or to my agency. I will maintain courageous calm in the face of danger, scorn or ridicule; develop self-restraint; and be constantly mindful of the welfare of others. Honest in thought and deed both in my personal and official life, I will be exemplary in obeying the law and the regulations of my department ... I recognize the badge of my office as a symbol of public faith and I accept it as a public trust to be held so long as I am true to the ethics of police service. I will never engage in acts of corruption or bribery, nor will I condone such acts by other police officers. I will cooperate with all legally authorized agencies and their representatives in the pursuit of justice ... I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession . . . law enforcement.

## PURPOSE OF THE ENTERPRISE

5.     The purpose of the BPD was to protect and preserve life, protect property,

understand and serve the needs of the Baltimore City's neighborhoods, and to improve the

quality of life in Baltimore City.

## THE DEFENDANT

6.     Sergeant THOMAS ALLERS joined the BPD on July 22, 1996.  He became the

officer-in-charge of the GTTF on or about July 25, 2013 and was reassigned out of the GTTF on

June 14, 2016.

## PURPOSES OF THE DEFENDANT

7.     The purposes of the defendant included violating the legitimate purposes of the

BPD in order to enrich himself through illegal conduct, including robbery and extortion.

2

## THE RACKETEERING CONSPIRACY

8.      Beginning at a date unknown to the Grand Jury, but at least by in or about 2014, through on or about the date of this Indictment, in the District of Maryland and elsewhere, the defendant,

## THOMAS ALLERS

being a person employed by and associated with the BPD, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, together with M.G. and J.R. and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree to violate Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, consisting of multiple acts involving:

> a.   Robbery, and Attempted Robbery, chargeable under MD. CODE ANN., Crim. L. § 3-402 and Conspiracy, chargeable under MD. CODE ANN., Crim. L.§ 1-202; and

> b.   Extortion and Attempted Extortion by State or Local Government Officer or Employee chargeable under MD. CODE ANN., Crim. L. § 3-702 and Conspiracy, chargeable under MD. CODE ANN., Crim. L.§ 1-202.

It was part of the conspiracy that the Defendant agreed that a coconspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## MEANS AND METHODS OF THE CONSPIRACY

9.      Among the means and methods by which the defendant and others pursued their illegal purposes were the following:

3

a. ALLERS, M.G. and J.R. stole cash from civilians when searching their residences and businesses.

b. ALLERS released detainees and chose not to charge them criminally when he stole cash from them.

c. In order to conceal their criminal conduct, M.G. and J.R. and other members of the conspiracy authored false incident and arrest reports approved by ALLERS; or, the members of the conspiracy prepared no paperwork whatsoever documenting their encounters with detainees and arrestees.

d. ALLERS became aware that M.G. and J.R. were under investigation and, instead of holding that information in confidence, tipped them off in order to thwart law enforcement efforts.

## OVERT ACTS

10.     In furtherance of the conspiracy, the defendant committed the following overt acts in the District of Maryland and elsewhere:

### March 11, 2014, Robbery / Extortion of G.W. and Y.W.

11.     On or about March 11, 2014, Sergeant ALLERS and Detectives M.G. and J.R., while acting in their capacity as police officers, executed a search warrant at the residence of G.W. and Y.W. located in Baltimore County, Maryland, after having arrested G.W.

12.     G.W. had approximately $416,000 in the residence at the time of the search. Y.W. had approximately $1500 to $2000 in the house at the time of the search.

13.     Prior to calling Baltimore County law enforcement to the scene, ALLERS, M.G. and J.R. searched the house and located a drawer full of money in an upstairs bedroom. The

4

money was bundled in multiple stacks.  ALLERS told M.G. and J.R. that the homeowner, "wouldn't miss a stack" or words to that effect and ALLERS took a stack of cash from the money in the drawer.  M.G. and J.R. then each took a stack of cash which contained approximately $8,000 to $10,000.  ALLERS also had his adult son with him, who was not a police offer, for the execution of the search.  ALLERS' son also took some of the cash.

14.     When Baltimore County law enforcement arrived they seized the remaining cash from the residence, which amounted to $350,204.

### October 8, 2014, Robbery / Extortion of D.K.

15.     On or about October 8, 2014, Sergeant ALLERS and Detectives M.G., J.R. and J.C., acting in their capacity as police officers, entered a store owned by D.K. in Baltimore City to execute a search warrant.

16.     D.K. had approximately $9,000 in cash in his apartment above the store.

17.     ALLERS stole $3,000 of the $9,000.  The remaining $6,000 was recovered by the U.S. Marshals Service.

18.     To conceal his illegal conduct, on or about October 8, 2014, ALLERS approved an incident report authored by J.C. that was filed with the BPD.  Above his signature, ALLERS certified that, "I affirm and declare that the statements above are true to the best of my knowledge."  ALLERS approved the report knowing that it falsely stated that an "Undetermined Amount U.S. Currency (Recovered by Store, Seized by U.S. Marshal Service)" had been seized when, in truth and fact, only $6,000 of the $9,000 that had been at the location was recovered by the U.S. Marshals Service because ALLERS stole the rest.

**April 3, 2015, Robbery / Extortion of D.M. and D.R.**

19.     On or about April 3, 2015, Sergeant ALLERS and Detectives M.G., J.R. and J.C.,
acting in their capacity as police officers, entered the residence of D.M. and D.R. in Baltimore
City to execute a search warrant.

20.     At the time of the search, D.M. and his wife had approximately $6,000 in their
home which was a combination of money that D.M. had made buying and selling used cars and a
tax refund his wife, D.R., had received.

21.     During the execution of the search warrant, M.G. located money in a portfolio and
gave the money to J.R. ALLERS then instructed M.G. and J.R. to "just do this here," or words
to that effect, which M.G. and J.R. understood to mean that they should take the money and split
it with ALLERS. ALLERS, M.G., and J.R. stole approximately $5700 from D.M. and D.R.

22.     To conceal his illegal conduct, on or about April 3, 2015, ALLERS approved an
incident report authored by J.C. that was filed with the BPD. Above his signature, ALLERS
certified that, "I affirm and declare that the statements above are true to the best of my
knowledge." ALLERS approved the report knowing that it falsely stated that $233 had been
recovered from the search of D.M. and D.R.'s home when, in truth and fact, ALLERS, M.G. and
J.R. seized $6,000.

**July 31, 2015, Robbery / Extortion of Z.N. and C.J.**

23.     On or about July 31, 2015, Sergeant ALLERS and Detectives M.G. and J.R.,
acting in their capacity as police officers, entered Z.N. and C.J.'s home in Anne Arundel County,
Maryland, to execute a search warrant.

24.     Before Anne Arundel County police department personnel arrived, M.G. and J.R. found $10,000 and stole $8,900 of it. The remaining cash was recovered by Anne Arundel County Police Department.

25.     After ALLERS, M.G. and J.R. left the residence they went to a bar/restaurant in Baltimore City and J.R. gave ALLERS his share of the stolen cash. J.R. and M.G. split the rest.

### February 10, 2016, Robbery / Extortion of P.E.

26.     On or about February 10, 2016, Sergeant ALLERS and Detectives M.G. and J.R., acting in their capacity as police officers, executed a search warrant at P.E.'s home in Baltimore City.

27.     ALLERS, M.G. and J.R. found approximately $10,000 in P.E.'s bedroom. P.E. had been counting the money when ALLERS, M.G. and J.R. entered his home. ALLERS, M.G. and J.R. stole approximately $8,300.

28.     To conceal his illegal conduct, on or about February 10, 2016, ALLERS approved an incident report, authored by J.R. Above his signature, ALLERS certified that, "I affirm and declare that the statements above are true to the best of my knowledge." ALLERS approved the report knowing that it falsely stated that only $1,684 had been seized from P.E., in truth and fact, ALLERS, M.G. and J.R. seized approximately $10,000.

### February 23, 2016, Robbery / Extortion of B.C.

29.     On or about February 23, 2016, Sergeant ALLERS and Detectives M.G., and J.R., acting in their capacity as police officers, executed a search warrant in a home in Baltimore County where B.C. had been renting a room.

30.     When ALLERS, M.G. and J.R. entered the home, they put B.C. and the person who owned the home in handcuffs.  Before Baltimore County Police Department arrived, ALLERS, M.G. and J.R. located a handgun from the bedroom where B.C. was staying.  B.C. also had $7,000 in that room, which ALLERS, M.G. and J.R. stole.

31.     When Baltimore County Police Department arrived on the scene, they seized the firearm and took B.C. into their custody.

32.     To conceal his illegal conduct, on or about February 23, 2016, ALLERS approved an incident report, authored by M.G.  Above his signature, ALLERS certified that, "I affirm and declare that the statements above are true to the best of my knowledge."  ALLERS approved the report knowing it falsely stated that the only property recovered from the home was an "Amt Auto Mag 11, 22 magnum S/N Z60351," when in truth and fact ALLERS, M.G. and J.R. seized $7,000.

### March 2, 2016, Robbery / Extortion of B.H. and T.A.

33.     On or about March 2, 2016, Sergeant ALLERS and Detectives J.C., D.H., M.G., and J.R., acting in their capacity as police officers, executed a search warrant at B.H. and T.A.'s home in Baltimore City.

34.     At the time of the search, T.A. had $200 in her purse, which her daughter had received the previous day during her birthday party, $900 to pay her rent for that month, $300 to pay down the amount of money she owed Baltimore Gas & Electric for utilities and $8,000 which was the proceeds of B.H.'s drug sales.  T.A. was a certified nursing assistant and had earned her rent money and the money she was intending to use to pay down her BG&E bill.

35.     When ALLERS and the other members of the GTTF entered the house, T.A. was at home with her younger child.  ALLERS and the other members of the GTTF also brought B.H. into the house, in handcuffs, after having arrested him outside the residence.

36.     ALLERS stole some of the cash that T.A. and B.H. had in their home.  ALLERS told J.R., "here is some lunch money," or words to that effect, and gave him a small portion of the money that ALLERS stole.

37.     To conceal his illegal conduct, on or about March 2, 2016, ALLERS approved an incident report, authored by D.H.  Above his signature, ALLERS certified that, "I affirm and declare that the statements above are true to the best of my knowledge."  ALLERS approved the report knowing that it falsely stated that only $1,624 had been seized from B.H. when, in truth and fact, ALLERS had stolen more than $7,000 from B.H. and T.A.

### April 28, 2016, Robbery / Extortion of L.W. and D.R.

38.     On or about April 28, 2016, Sergeant ALLERS and Detectives D.H., M.G., and J.R., acting in their capacity as police officers, arrested D.R.  After D.R. was in custody, ALLERS, D.H., M.G., and J.R. went inside the home where D.R. was living and obtained consent from L.W., who lived with D.R. and their two children, to search the house.

39.     L.W. and D.R. had over $10,000 in their home at the time of the search. ALLERS stole over $10,000 during the search.  Following the search, D.R. was shot and killed because he could not repay a drug-related debt.

40.     To conceal his illegal conduct, on or about April 28, 2016, ALLERS approved an incident report, authored by J.R.  Above his signature, ALLERS certified that, "I affirm and declare that the statements above are true to the best of my knowledge."  ALLERS approved the

report knowing that it falsely stated that the only property seized was two handguns and ammunition when, in truth and fact, ALLERS had stolen more than $10,000 from L.W. and D.R.

### May 28, 2016, Robbery / Extortion of A.C.

41.     On or about May 28, 2016, Sergeant ALLERS and Detectives D.H., M.G., and J.R., acting in their capacity as police officers, arrested A.C.  After A.C. was in custody, ALLERS, D.H., M.G., and J.R. went to the home where A.C. was living in Anne Arundel County and obtained consent from the homeowner, D.W., who was A.C.'s grandmother, to search the house.

42.     A.C. had $1,000 in the basement where he slept.  ALLERS, M.G., and J.R. stole approximately $700 of the $1,000 and gave D.H. the rest to give to D.W.

18 U.S.C. § 1962(d)

## COUNT TWO
### (RICO)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs One through Seven of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

### THE RACKETEERING VIOLATION

2.     From in or about 2014, until the date of this Indictment, in the District of Maryland, Sergeant THOMAS ALLERS, the defendant, together with M.G., J.R., and others known and unknown to the Grand Jury, being persons employed by and associated with the Baltimore Police Department, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts: Racketeering Acts One through Seven below.

### THE PATTERN OF RACKETEERING ACTIVITY

3.     The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**Racketeering Act One**
**(March 11, 2014, Robbery / Extortion of G.W. and Y.W.)**

4.       On or about March 11, 2014, Sergeant THOMAS ALLERS, the defendant, and

Detectives M.G. and J.R, acting in their capacity as police officers, and others, committed the

following acts, any one of which alone constitutes the commission of Racketeering Act One:

      a.   as officers and employees of the State of Maryland, to wit, as police officers and
employees of the BPD, unlawfully conspired together with others known and
unknown to the grand jury to wrongfully obtain money, property and anything of
value from G.W. and Y.W. with their consent under color and pretense of office,
under color of official right, and by wrongful use of actual and threatened force
and violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

      b.   as officers and employees of the State of Maryland, to wit, as police officers and
employees of the BPD, wrongfully attempted to obtain money, property and
anything of value from G.W. and Y.W. with their consent under color and
pretense of office, under color of official right, and by wrongful use of actual and
threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

      c.   as officers and employees of the State of Maryland, to wit, as police officers and
employees of the BPD, wrongfully obtained money, property and anything of
value from G.W. and Y.W. with their consent under color and pretense of office,
under color of official right, and by wrongful use of actual and threatened force
and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

      d.   unlawfully conspired together with others known and unknown to the grand jury
to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

    e.   attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402;
and

    f.   committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

### Racketeering Act Two
### (October 8, 2014, Robbery / Extortion of D.K.)

5.    On or about October 8, 2014, Sergeant THOMAS ALLERS, the defendant, acting in his capacity as a police officer, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

    a.   as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully attempted to obtain money, property and anything of value from D.K, with D.K.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    b.   as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully obtained money, property and anything of value from D.K. with D.K.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    c.   attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

    d.   committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

## Racketeering Act Three
### (April 3, 2015, Robbery / Extortion of D.M. and D.R.)

6.      On or about April 3, 2015, Sergeant THOMAS ALLERS, the defendant, and

Detectives M.G. and J.R, acting in their capacity as police officers, committed the following acts,

any one of which alone constitutes the commission of Racketeering Act Three:

  a.  as officers and employees of the State of Maryland, to wit, as police officers and
      employees of the BPD, unlawfully conspired together with others known and
      unknown to the grand jury to wrongfully obtain money, property and anything of
      value from D.M. and D.R. with their consent under color and pretense of office,
      under color of official right, and by wrongful use of actual and threatened force
      and violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

  b.  as officers and employees of the State of Maryland, to wit, as police officers and
      employees of the BPD, wrongfully attempted to obtain money, property and
      anything of value from D.M. and D.R. with their consent under color and pretense
      of office, under color of official right, and by wrongful use of actual and
      threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

  c.  as officers and employees of the State of Maryland, to wit, as police officers and
      employees of the BPD, wrongfully obtained money, property and anything of
      value from D.M. and D.R. with their consent under color and pretense of office,
      under color of official right, and by wrongful use of actual and threatened force
      and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

  d.  unlawfully conspired together with others known and unknown to the grand jury
      to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

    e.   attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402;
and

    f.   committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.


### Racketeering Act Four
#### (July 31, 2015, Robbery / Extortion of Z.N. and C.J.)

7.     On or about July 31, 2015, Sergeant THOMAS ALLERS, the defendant, and Detectives M.G. and J.R, acting in their capacity as police officers, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

    a.   as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, unlawfully conspired together with others known and unknown to the grand jury to wrongfully obtain money, property and anything of value from Z.N. and C.J. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

    b.   as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully attempted to obtain money, property and anything of value from Z.N. and C.J. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    c.   as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully obtained money, property and anything of value from Z.N. and C.J. with their consent under color and pretense of office,

under color of official right, and by wrongful use of actual and threatened force

and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

d.  unlawfully conspired together with others known and unknown to the grand jury

to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

e.  attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402;

and

f.  committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

## Racketeering Act Five
### (February 10, 2016, Robbery / Extortion of P.E.)

8.      On or about February 10, 2016, Sergeant THOMAS ALLERS, the defendant, and

Detectives M.G. and J.R, acting in their capacity as police officers, committed the following acts,

any one of which alone constitutes the commission of Racketeering Act Five:

a.  as officers and employees of the State of Maryland, to wit, as police officers and

employees of the BPD, unlawfully conspired together with others known and

unknown to the grand jury to wrongfully obtain money, property and anything of

value from P.E. with P.E.'s consent under color and pretense of office, under

color of official right, and by wrongful use of actual and threatened force and

violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

b.  as officers and employees of the State of Maryland, to wit, as police officers and

employees of the BPD, wrongfully attempted to obtain money, property and

anything of value from P.E. with P.E.'s consent under color and pretense of

office, under color of official right, and by wrongful use of actual and threatened

force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

c. as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully obtained money, property and anything of value from P.E. with P.E.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

d. unlawfully conspired together with others known and unknown to the grand jury to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

e. attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

f. committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

**Racketeering Act Six**
**(February 23, 2016, Robbery / Extortion of B.C.)**

9.      On or about February 23, 2016, Sergeant THOMAS ALLERS, the defendant, and Detectives M.G. and J.R, acting in their capacity as police officers, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Six:

a. as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, unlawfully conspired together with others known and unknown to the grand jury to wrongfully obtain money, property and anything of value from B.C. with B.C.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

b. as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully attempted to obtain money, property and

anything of value from B.C. with B.C.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

c.  as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully obtained money, property and anything of value from B.C. with B.C.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

d.  unlawfully conspired together with others known and unknown to the grand jury to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

e.  attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

f.  committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

**Racketeering Act Seven**
**(March 2, 2016, Robbery / Extortion of B.H. and T.A.)**

10.     On or about March 2, 2016, Sergeant THOMAS ALLERS, the defendant, acting in his capacity as a police officer, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Seven:

a.  as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully attempted to obtain money, property and anything of value from B.H. and T.A. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    b.  as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully obtained money, property and anything of value from B.H. and T.A. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    c.  attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

    d.  committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

**Racketeering Act Eight**
**(April 28, 2016, Robbery / Extortion of L.W. and D.R.)**

11. On or about April 28, 2016, Sergeant THOMAS ALLERS, the defendant, acting in his capacity as a police officer, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eight:

    a.  as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully attempted to obtain money, property and anything of value from L.W. and D.R. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

    b.  as an officer and employee of the State of Maryland, to wit, as a police officer and employee of the BPD, wrongfully obtained money, property and anything of value from L.W. and D.R. with their consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

c.  attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

d.  committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

### Racketeering Act Nine
### (May 28, 2016, Robbery / Extortion of A.C.)

12. On or about May 28, 2016, Sergeant THOMAS ALLERS, the defendant, and Detectives M.G. and J.R, acting in their capacity as police officers, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Nine:

a.  as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, unlawfully conspired together with others known and unknown to the grand jury to wrongfully obtain money, property and anything of value from A.C. with A.C.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-702;

b.  as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully attempted to obtain money, property and anything of value from A.C. with A.C.'s consent under color and pretense of office, under color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

c.  as officers and employees of the State of Maryland, to wit, as police officers and employees of the BPD, wrongfully obtained money, property and anything of value from A.C. with A.C.'s consent under color and pretense of office, under

color of official right, and by wrongful use of actual and threatened force and violence in violation of MD. CODE ANN., Crim. L. § 3-702;

d.  unlawfully conspired together with others known and unknown to the grand jury to commit robbery in violation of MD. CODE ANN., Crim. L. § 1-202 and § 3-402;

e.  attempted to commit robbery in violation of MD. CODE ANN., Crim. L. § 3-402; and

f.  committed robbery in violation of MD. CODE ANN., Crim. L. § 3-402.

All in violation of 18 U.S.C. § 1962(c)

## COUNT THREE
**(Hobbs Act Robbery / Extortion of G.W. and Y.W.)**

The Grand Jury for the District of Maryland further charges that:

On or about March 11, 2014, in the District of Maryland, the defendant,

## THOMAS ALLERS

and M.G. and J.R. and others known and unknown to the grand jury, did unlawfully obstruct,
delay and affect and attempt to obstruct, delay and affect commerce, and the movement of
articles and commodities in commerce, by robbery and extortion as those terms are defined in 18
U.S.C. § 1951, in that the defendant knowingly and unlawfully took and obtained, and attempted
to take and obtain, from a person and presence of such person, United States currency, that is
approximately $66,000, against such person's will, by means of actual and threatened force,
violence and fear of injury, immediate and future, and with their consent, induced by wrongful
use of actual and threatened force, violence and fear, and under color of official right.


18 U.S.C. § 1951
18 U.S.C. § 2

## COUNT FOUR
**(Hobbs Act Robbery / Extortion of D.K.)**

The Grand Jury for the District of Maryland further charges that:

On or about October 8, 2014, in the District of Maryland, the defendant,

## THOMAS ALLERS

did unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce, and

the movement of articles and commodities in commerce, by robbery and extortion as those terms

are defined in 18 U.S.C. § 1951, in that the defendant knowingly and unlawfully took and

obtained, and attempted to take and obtain, from a person and presence of such person, United

States currency, that is approximately $3,000, against such person's will, by means of actual and

threatened force, violence and fear of injury, immediate and future, and with their consent,

induced by wrongful use of actual and threatened force, violence and fear, and under color of

official right.

18 U.S.C. § 1951
18 U.S.C. § 2

## COUNT FIVE
### (Hobbs Act Robbery / Extortion of D.R. and D.M.)

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2015, in the District of Maryland, the defendant,

## THOMAS ALLERS

and M.G. and J.R. and others known and unknown to the grand jury, did unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery and extortion as those terms are defined in 18 U.S.C. § 1951, in that the defendant knowingly and unlawfully took and obtained, and attempted to take and obtain, from a person and presence of such person, United States currency, that is approximately $5,700, against such person's will, by means of actual and threatened force, violence and fear of injury, immediate and future, and with their consent, induced by wrongful use of actual and threatened force, violence and fear, and under color of official right.

18 U.S.C. § 1951
18 U.S.C. § 2

## COUNT SIX
### (Hobbs Act Robbery / Extortion of P.E.)

The Grand Jury for the District of Maryland further charges that:

On or about February 10, 2016, in the District of Maryland, the defendant,

### THOMAS ALLERS

and M.G. and J.R. and others known and unknown to the grand jury, did unlawfully obstruct,

delay and affect and attempt to obstruct, delay and affect commerce, and the movement of

articles and commodities in commerce, by robbery and extortion as those terms are defined in 18

U.S.C. § 1951, in that the defendant knowingly and unlawfully took and obtained, and attempted

to take and obtain, from a person and presence of such person, United States currency, that is

approximately $8,300, against such person's will, by means of actual and threatened force,

violence and fear of injury, immediate and future, and with their consent, induced by wrongful

use of actual and threatened force, violence and fear, and under color of official right.

18 U.S.C. § 1951
18 U.S.C. § 2

## COUNT SEVEN
### (Hobbs Act Robbery / Extortion of B.H. and T.A.)

The Grand Jury for the District of Maryland further charges that:

On or about March 2, 2016, in the District of Maryland, the defendant,

## THOMAS ALLERS

and M.G. and J.R. and others known and unknown to the grand jury, did unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery and extortion as those terms are defined in 18 U.S.C. § 1951, in that the defendant knowingly and unlawfully took and obtained, and attempted to take and obtain, from a person and presence of such person, United States currency, that is approximately $7,000, against such person's will, by means of actual and threatened force, violence and fear of injury, immediate and future, and with their consent, induced by wrongful use of actual and threatened force, violence and fear, and under color of official right.

18 U.S.C. § 1951
18 U.S.C. § 2

## FORFEITURE

### RICO Forfeiture

1.      Pursuant to Title 18, United States Code, Section 1963, upon conviction of an

offense in violation of Title 18, United States Code, Section 1962, the defendant

## THOMAS ALLERS

shall forfeit to the United States of America:

     a.    any interest acquired or maintained in violation of section 1962;

     b.    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

     c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 1962.

2.      The interests of the defendant subject to forfeiture to the United States pursuant to

18 U.S.C. § 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to a sum of money

representing the amount of the gross proceeds received by the defendant derived from

racketeering activity as alleged in this Indictment, for which each of the defendant are jointly and

severally liable.

### Substitute Assets

3.      If any of the property described above, as a result of any act or omission of the

defendant:

     a.   cannot be located upon the exercise of due diligence;
     b.   has been transferred or sold to, or deposited with, a third party;
     c.   has been placed beyond the jurisdiction of the court;
     d.   has been substantially diminished in value; or
     e.   has been commingled with other property that cannot be divided without difficulty;

27

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p) and 18 U.S.C. § 1963(m), as incorporated by 28 U.S.C. § 2461(c).

21 U.S.C. § 853
18 U.S.C. § 1963
28 U.S.C. § 2461(c)
18 U.S.C. § 924(d)

*Stephen M. Schenning /FJR*
STEPHEN M. SCHENNING
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

8/24/17
Date

**SIGNATURE REDACTED**

Foreperson

28