The Law Offices of
## GARY E. PROCTOR, LLC
### 8 E. MULBERRY STREET,
### BALTIMORE, MARYLAND 21202

| | |
|---|---|
| ADMITTED TO PRACTICE IN<br>MARYLAND | TEL: 410.444.1500<br>FAX: 866.230.4455<br>garyeproctor@gmail.com |

December 4, 2018

VIA ECF

Honorable Judge Catherine C. Blake
United States District Court

**UNITED STATES v. THOMAS ALLERS CCB 17-0452**

Dear Judge Blake:

    I write in relation to the above-captioned case. Mr. Allers was sentenced by this Court on May 11, 2018.

    It is my understanding that Mr. Allers' family is currently determining whether a § 2255 should be filed. Obviously, I cannot advise them of the wisdom of doing so. In connection with a proposed 2255 Mr. Allers' wife contacted the Court Reporter, Mr. Zweizig and requested a copy of his sentencing transcript. She was and is willing to pay whatever cost is associated with the sentencing transcript's production. Mr. Zweizig declined to provide it, citing Standing Order 2013-03. This Order, in turn, states in relevant part that:

> ORDERED that, upon request for a transcript of a guilty plea hearing or a sentencing hearing by a federal Bureau of Prisons inmate or an agent of the federal inmate other than a request by the inmate's counsel for purposes of litigation, the Clerk's Office and court reporters shall only send the redacted version of the requested transcript to the Warden of the requesting inmate's correctional institution. The Warden shall then provide the inmate reasonable access to review and to inspect the requested transcript. This provision shall apply unless otherwise ordered by the presiding judge in the inmate's case.

<u>Id.</u>  I read this Order as saying that Mr. Allers' wife is fully entitled to a copy of the sentencing transcript.  If Mr. Zweizig wants to indicate that some portion of the transcript is redacted, I have no objection to that.  For many years it has been the law of the land that:

> Examination of the decided cases leads us to conclude that the First Amendment right of access extends to hearings of the type involved here. We note, first of all, that both plea hearings and sentencing hearings arguably fall within the scope of the right of access to criminal *trials*, which is clearly guaranteed by *Richmond Newspapers* and *Globe Newspaper Co.* Because the taking of a guilty plea serves as a substitute for a trial, it may reasonably be treated in the same manner as a trial for First Amendment purposes. Sentencing may also be viewed as within the scope of the criminal trial itself. Sentencing can occur before the termination of the trial proceeding, and, even if it occurs in a separate hearing, it clearly amounts to the culmination of the trial. Moreover, even if plea hearings and sentencing hearings are not considered a part of the trial itself, they are surely as much an integral part of a criminal prosecution as are preliminary probable-cause hearings, suppression hearings, or bail hearings, all of which have been held to be subject to the public's First Amendment right of access.

*In re Wash. Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986).  Accordingly, I request that this Court Order Mr. Zweizig to supply the sentencing transcript to Mrs. Allers', once she has paid the appropriate cost associated with it.

　　With kindest regards, I remain


　　　　　　　　　　　　　　　　　　　　　　　　Sincerely Yours,


　　　　　　　　　　　　　　　　　　　　　　　　/s/


　　　　　　　　　　　　　　　　　　　　　　　　GARY E. PROCTOR