IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MOMODU BONDEVA KENTON GONDO,** <br><br> **EVODIO CALLES HENDRIX,** <br><br> **DANIEL THOMAS HERSL,** <br><br> **WAYNE EARL JENKINS,** <br><br> **JEMELL LAMAR RAYAM,** <br><br> **MARCUS ROOSEVELT TAYLOR, and** <br><br> **MAURICE KILPATRICK WARD,** <br><br>         **Defendants.** | **Criminal No. CCB 17-106** |

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **THOMAS ALLERS,** <br><br>         **Defendant.** | **Criminal No. CCB 17-0452** |

**MOTION FOR RESTITUTION ORDERS**

    1.    The United States of America, by its undersigned counsel, moves the Court to enter a restitution order as to each of the named defendants in the above captioned two related cases.

1

2. Defendants Gondo, Hendrix, Jenkins, Rayam and Ward each pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and other charges in Criminal No. 17-106. Defendants Hersl and Taylor were convicted at trial of racketeering conspiracy, racketeering and Hobbs Act robbery charges in Criminal No. 17-106. Defendant Allers pled guilty to racketeering conspiracy in a related case, Criminal No. 17-452.

3. Title 18, United States Code, Section 3663A(a)(1), the Mandatory Victim Witness Restitution Act (MVWRA), provides that the Court at sentencing "shall order . . . in addition to, or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . ." A "victim" is defined by § 3663A(a)(2) as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." Finally, § 3663A(c)(1) provides that these restitution requirements shall apply "for convictions of . . . any offense – (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."

4. At the sentencing hearing for each defendant, the issue of restitution was deferred, without objection, in order to allow the Court to enter a global restitution order as to all Defendants in light of the fact that the Defendants engaged in joint criminal activity. The Defendants Judgments indicate that restitution was deferred.

5. The Fourth Circuit and the other courts of appeal have recognized that "Federal courts therefore now allow broader restitution orders encompassing losses that result from a criminal scheme or conspiracy, regardless of whether the defendant is convicted for each criminal act within that scheme." *United States v. Henoud*, 81 F.3d 484, 488 (4th Cir. 1996); *see*

*also United States v. Ocasio*, 750 F.3d 399, 412-13 (4th Cir. 2014) (award of restitution is appropriate if the act that harms the victim arises in furtherance of a scheme that is charged as part of the offense of conviction). When the scheme is clearly described in the indictment, the courts have affirmed restitution orders providing for payment even to victims not specifically named, or in amounts not precisely stated in the indictment. *Henoud*, 81 F.3d at 488.

6. The Government bears the burden of establishing the amounts of restitution owed by a preponderance of the evidence. 18 U.S.C. § 3664(e); *Henoud*, 81 F.3d at 490. The Sentencing Guidelines further state that the court "need only make a reasonable estimate of the loss" in calculating those amounts." U.S.S.G. § 2B1.1, comment. (n. 3(c)).

7. In this case, all of the Defendants who pled guilty admitted to robbing specific amounts from various victims. Further, as to the two trial defendants, evidence was presented at trial as to the specific amounts that they robbed from various victims. The table below summarizes the amounts taken in the various robberies, identified by date, to which the defendants either pled guilty or were found guilty at trial with citations to the specific paragraphs of a defendant's plea agreement where he admitted to a robbery in that amount or to the specific paragraphs of a defendant's presentence report (PSR) in the case of the defendants who went to trial. Further, all of the defendants who pled guilty expressly agreed, as part of their plea agreements, to the entry of an order of restitution in the full amount of the victim's losses. Finally, robberies where a specific amount was not agreed to by the parties or proven at trial are not included in the table below.

**Table 1: Restitution Amounts by Defendant**

|            | ALLERS  | GONDO   | HENDRIX | HERSL  | JENKINS | RAYAM   | TAYLOR  | WARD  |
|------------|---------|---------|---------|--------|---------|---------|---------|-------|
| 5/11/2011  |         |         |         |        | 1800[1] |         |         |       |
| 1/24/2014  |         |         |         |        |         |         | 14820[2]|       |
| 3/11/2014  | 8000[3] | 8000[4] |         |        |         | 8000[5] |         |       |
| 6/27/2014  |         |         |         |        |         | 20000[6]|         |       |
| 7/11/2014  |         |         |         |        | 12000[7]|         |         |       |
| 10/8/2014  | 3000[8] |         |         |        |         |         |         |       |
| 11/5/2014  |         |         |         | 7097[9]|         |         |         |       |
| 4/3/2015   | 5700[10]|         |         |        |         | 5700[11]|         |       |
| 7/31/2015  | 8900[12]|         |         |        |         |         |         |       |
| 10/5/2015  |         | 12000[13]|        |        |         | 12000[14]|        |       |
| 11/27/2015 |         |         |         | 314[15]|         |         |         |       |
| 11/28/2015 |         |         |         | 482[16]|         |         |         |       |
| 2/4/2016   |         |         |         |        | 1500[17]|         |         |       |
| 2/10/2016  | 8300[18]|         |         |        |         |         |         |       |
| 2/17/2016  |         |         |         |        |         |         |         | 500[19]|
| 2/23/2016  | 7000[20]| 7000[21]|         |        |         | 7000[22]|         |       |
| 3/2/2016   | 7776[23]|         |         |        |         |         |         |       |

---

[1] Jenkins Plea Agreement Attachment A ¶ 14 (ECF No. 254)
[2] Taylor PSR ¶ 8 (ECF No. 370)
[3] Allers Plea Agreement Attachment A ¶ 13
[4] Gondo Plea Agreement Attachment A ¶ 8 (note the plea agreement mistakenly identifies this incident as occurring in 2015; it occurred in 2014) (ECF. No. 200)
[5] Rayam Plea Agreement Attachment A ¶ 21 (note the plea agreement mistakenly identifies this incident as occurring in 2015; it occurred in 2014) (ECF No. 196)
[6] Rayam Plea Agreement Attachment A ¶ 18 (ECF No. 196)
[7] Jenkins Plea Agreement Attachment A ¶ 17 (ECF No. 254)
[8] Allers Plea Agreement Attachment A ¶ 17
[9] Hersl PSR ¶ 8 (ECF No. 431)
[10] Allers Plea Agreement Attachment A ¶21
[11] Rayam Plea Agreement Attachment A ¶ 24 (ECF No. 196)
[12] Allers Plea Agreement Attachment A ¶24
[13] Gondo Plea Agreement Attachment A ¶¶ 16 (ECF. No. 200)
[14] Rayam Plea Agreement Attachment A ¶ 32 (ECF No. 196)
[15] Hersl PSR ¶ 9 (ECF No. 431)
[16] Hersl PSR ¶ 10 (ECF No. 431)
[17] Jenkins Plea Agreement Attachment A ¶ 26 (ECF No. 254)
[18] Allers Plea Agreement Attachment A ¶27
[19] Ward Plea Agreement Attachment A ¶ 10 (ECF No. 161)
[20] Allers Plea Agreement Attachment A ¶ 30
[21] Gondo Plea Agreement Attachment A ¶ 21 (ECF. No. 200)
[22] Rayam Plea Agreement Attachment A ¶ 37 (ECF No. 196)
[23] Allers Plea Agreement Attachment A ¶ 34

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 3/22/2016 | | | 204000[24] | | 204000[25] | | 204000[26] | 204000[27] |
| 4/28/2016 | 10000[28] | | | | | | | |
| 5/11/2016 | | | | | | 700[29] | | |
| 5/28/2016 | 700[30] | 700[31] | | | | 700[32] | | |
| 7/8/2016 | | 20000[33] | | 20000[34] | 20000[35] | 23400[36] | | |
| 8/24/2016 | | | | | | 1500[37] | | |
| TOTALS | 59376 | 47700 | 204000 | 27893 | 239300 | 79000 | 204000 | 204500 |

The Government respectfully requests that the Court order the defendants to pay restitution in the amounts listed above. In the instances where multiple defendants participated in the same robbery, the Government requests that the Court order that the defendants be joint and severally liable for the required restitution amount. The Government also requests that the Court order restitution due immediately. The Government requests that the Court grant the relief sought herein by filing amended judgment and commitment orders for each defendant that orders the restitution summarized above.

---

[24] Hendrix Plea Agreement Attachment A ¶ 10 (ECF No. 158)
[25] Jenkins Plea Agreement Attachment A ¶ 29 (ECF No. 254)
[26] Taylor PSR ¶ 22 (ECF No. 370)
[27] Ward Plea Agreement Attachment A ¶ 13 (ECF No. 161)
[28] Allers Plea Agreement Attachment A ¶ 39
[29] Rayam Plea Agreement Attachment A ¶ 39 (ECF No. 196)
[30] Allers Plea Agreement Attachment A ¶ 42
[31] Gondo Plea Agreement Attachment A ¶ 24 (ECF. No. 200)
[32] Rayam Plea Agreement Attachment A ¶ 41 (ECF No. 196)
[33] Gondo Plea Agreement Attachment A ¶ 35 (ECF. No. 200)
[34] Hersl PSR ¶ 13 (ECF No. 431)
[35] Jenkins Plea Agreement Attachment A ¶ 36 (ECF No. 254)
[36] Rayam Plea Agreement Attachment A ¶ 50 ($3,400) and ¶ 56 ($20,000); joint and severally liable with Gondo, Hersl and Jenkins for $20,000. (ECF No. 196)
[37] Rayam Plea Agreement Attachment A ¶ 64 (ECF No. 196)

The Government will provide the Court with the names and addresses of the victims to whom restitution should be paid in a separate sealed filing.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By: /s/ Leo J. Wise

Leo J. Wise
Derek E. Hines
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: /s/ Leo J. Wise

Leo J. Wise
Assistant United States Attorney