JUN 1 0 2019

AO 243 (Rev. 01/15)                                                                                                    Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   District of Maryland | |
|---|---|---|
| Name *(under which you were convicted)*:<br>Thomas A. Allers | | Docket or Case No.:<br>CCB-19-1773 |
| Place of Confinement:<br>FCI Coleman Low | Prisoner No.:<br>63378-037 | |
| UNITED STATES OF AMERICA<br><br>v. | Movant *(include name under which convicted)*<br>Thomas Allers | |

**MOTION**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    U.S. District Court of Maryland

    (b) Criminal docket or case number (if you know):  CCB-17-452

2.  (a) Date of the judgment of conviction (if you know):  5-31-2018

    (b) Date of sentencing:  5-11-2018

3.  Length of sentence:  15 years

4.  Nature of crime (all counts):

    **(1)** Rico Conspiracy; **(2)** Rico; **(3)** Hobbs Act Robbery; **(4)** Hobbs Act Robbery;
    **(5)** Hobbs Act Robbery; **(6)** Hobbs Act Robbery; **(7)** Hobbs Act Robbery.

5.  (a) What was your plea?  (Check one)

    (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)  N/A   Jury ☐        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing? N/A  Yes ☐        No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☐     No ☒

AO 243 (Rev. 01/15)

9.   If you did appeal, answer the following:

   (a)  Name of court: _____

   (b)  Docket or case number (if you know): _____

   (c)  Result: _____

   (d)  Date of result (if you know): _____

   (e)  Citation to the case (if you know): _____

   (f)  Grounds raised:

   (g)  Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

     If "Yes," answer the following:

     (1) Docket or case number (if you know): _____

     (2) Result: _____

     (3) Date of result (if you know): _____

     (4) Citation to the case (if you know): _____

     (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
   Yes ☐   No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Date of filing (if you know): _____

     (4)  Nature of the proceeding: _____

     (5)  Grounds raised: _____

AO 243 (Rev. 01/15)

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐         No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐         No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:         Yes ☐         No ☐

(2)   Second petition:       Yes ☐         No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Defense counsel knew Mr. Allers was dissatisfied with his sentence, but did not discuss the benefit or detriments of not filing a direct appeal. If defense counsel had consulted with Mr. Allers, then Mr. Allers would have appealed.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

AO 243 (Rev. 01/15)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:**   The Tenth Amendment reserves to the States the right to regulate its own law enforcement officers. The federal government's extension of its ordinary criminal laws to state law enforcement officers encroaches on state sovereignty and violates the constitution.

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


_____

(3)   Did you receive a hearing on your motion, petition, or application?
      Yes ☐      No ☐
(4)   Did you appeal from the denial of your motion, petition, or application?
      Yes ☐      No ☐
(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐      No ☐
(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):


_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:




_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page.



_____

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐     No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ☐     No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

          Yes ☐     No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

---

**GROUND FOUR:**  Mr.  Aller's  guilty  plea  was  constituionally  unintelligent,
unknowing, and involutary.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See continuation page.

---

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

---

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

---

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

---

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐         No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐         No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐         No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?         Yes ☐         No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

AO 243 (Rev. 01/15)                                                                                          Page 11

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the
      you are challenging:

      (a)  At the preliminary hearing:

      Gary Proctor, 8 E. Mulberry Street, Baltimore, MD 21202

      (b)  At the arraignment and plea:

      Gary Proctor, Same as above

      (c)  At the trial:
      N/A

      (d)  At sentencing:
      Gary Proctor, Same as above

      (e)  On appeal:
      N/A

      (f)  In any post-conviction proceeding:

      N/A

      (g)  On appeal from any ruling against you in a post-conviction proceeding:

      N/A

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
      and at the same time?               Yes [  ]     No [X]

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?              Yes [  ]     No [X]

      (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


      (b)  Give the date the other sentence was imposed:

      (c)  Give the length of the other sentence:

      (d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
      sentence to be served in the future?            Yes [  ]      No [  ]

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

AO 243 (Rev. 01/15)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____May 31, 2019_____.

(month, date, year)


Executed (signed) on _____May 23, 2019_____ (date)

_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

CONTINUATION PAGE

**GROUND ONE: Defense counsel knew Mr. Allers was dissatisfied with his sentence, but did not discuss the benefit or detriments of not filing a direct appeal. If defense counsel had consulted with Mr. Allers, then Mr. Allers would have appealed.**

**Supporting Facts:**

Mr. Allers told defense counsel that he did not believe he was guilty of a serious crime that to the extent of his conduct was wrong, that his conduct was minuscule compared to others. Hence, if he was punished appropriately, his sentence would be a few years at most. He thought his conviction was political and feared his sentence was media driven. Counsel acknowledged the dissatisfaction, but told him there was nothing he could do. His guilty plea and the plea agreement effectively waived his right to appeal. Thus, any real chance of challenging the sentence had passed.

After sentencing, while in court, Mr. Allers told his attorney that he was not happy with the sentence and it was unfair. Counsel said nothing could be done, the appeal was waived, and never discussed it further.

CONTINUATION PAGE

**GROUND TWO: The Tenth Amendment reserves to the States the right to regulate its own law enforcement officers. The federal government extension of its ordinary criminal laws to state law enforcement officers encroaches on state sovereignty and violates the Constitution.**

**Supporting Facts:**

Mr. Allers worked for the State of Maryland (City of Baltimore) as a law enforcement officer. The federal government concluded that Mr. Allers's conduct in the course of his duty violated Maryland law, and by virtue of federal conspiracy laws (RICO) and interference with commerce laws (Hobbs Act) constituted a federal crime.

Although Mr. Allers, consistent with the form § 2255 motion's instruction, avoids legal argument and citation of authority, he briefly explains that the preceeding facts implicate a Tenth Amendment violation. The Tenth Amendment preserves to the States the power and authority that belonged to the them before formation of the Republic. Among that power and authority, the States' right to manage and regulate its own police officers. The federal government use of it criminal laws (other possibly than for a (state-authorized) Constitutional violation) to control the behavior of state law enforcement constitutes to an impermissible encroachment on State sovereignty that renders the criminal laws as applied unconstitutional. Further, it is conceivable that the federal statues are facially invalid, since as a practical matter Constitutionally permissible enforcement cannot be distinguished from Constitutionally impermissible conduct. Again, the form does not permit a full discussion of the legal issue that requires separate briefing. At this point, succinctly, the federal government violated the Constitution when it used its criminal laws to violate the State of Maryland's sovereignty. The conviction should be vacated.

CONTINUATION PAGE

**GROUND THREE: The factual predicate supporting the conviction, the alleged $10,000 payment from the girlfriend of B.H. never occurred. The government knew it did not occur and intentionally truncated the investigation to ensure the exculpatory evidence was not revealed.**

Supporting Facts:

In the plea agreement and at sentencing, the federal government focused on a factual basis that was false. The government claimed that Mr. Allers indirectly caused the death of a government informant by extorting $10,000 from a woman we discreetly refer to as T.A. Mr. Allers did not extort or otherwise receive any money from T.A., significantly, there was no money——the money that allegedly transferred to Mr. Allers is a complete fabrication.

The government's use of false evidence, the court's reliance on unreliable information, and counsel's failure to challenge the false predicate all identify constitutional violations: fair trial, due process, effective assistance of counsel, and even substantive due process concerning the imprisonment of a person who is actually innocent.

Here is what actually happened. On March 2nd, 2016, the task force Mr. Allers was part of received information about an armed drug dealer, B.H., who was distributing narcotics out of his apartment. The task force performed a background check on B.H., and on discovering he had a suspended license, devised an operation to search B.H.'s vehicle via a routine traffic stop. The trap was laid, and a traffic stop was performed only a few blocks from B.H.'s apartment. A subsequent search of the vehicle yielded a seizure of illegal narcotics and lead to the arrest of B.H.

After B.H.'s arrest, Mr. Allers escorted B.H. back to the apartment complex's parking lot to await pickup. While they were waiting, B.H. asked Mr.

Allers to give the money B.H. had on him to his girlfriend, T.A. Mr. Allers agreed, and took the money from B.H.'s pocket.

After B.H. was picked up, Mr. Allers and another task force officer, J.R., visited B.H.'s apartment, which was owned by T.A. Mr. Allers asked for and T.A. gave her consent to allow the officers to search the apartment, which was recorded on video. Mr. Allers and J.R. found 2 guns in the master bedroom (on B.H.'s side of the bed), but no money.

After the search, T.A. became very nervous. She told Mr. Allers that B.H. physically abused her, and B.H. would do so again because she gave her consent to have the apartment searched. In order to reassure her and as a precaution, Mr. Allers gave T.A. his mobile phone number in the event B.H. became violent with T.A. In addition, Mr. Allers gave B.H.'s money to T.A., as he was asked.

Mr. Aller's communication with T.A. involved no extortion, and the only money exchanged was the small amount from B.H.'s pocket to T.A. J.R., did not observe any exchanges of large amounts of cash, much less the purported $10,000.

Case 1:17-cr-00452-CCB   Document 49   Filed 06/10/19   Page 17 of 21

CONTINUATION PAGE

**GROUND FOUR: Mr. Allers's guilty plea was constitutionally unintelligent, unknowing, and involuntary.**

**Supporting Facts:**

The Constitution does not accept an individual's self-incriminating statement or guilty plea unless the accused knowingly, intelligently, and voluntarily waives his or her constitutional protections and right. Implicit in that doctrine, the accused must understand the true nature of the charges against him or her. An understanding that entails a proper comprehension of the element of the crimes of conviction.

At the time of the guilty plea (and today, for that matter) Mr. Allers does not know the elements of a federal Racketeer Influenced and Corrupt Organization Act violation. Mr. Allers did not realize that his guilty plea meant that he voluntarily entered into a continuing conspiracy with the specific intent to further the conspiracy's specific objectives. Further, Mr. Allers did not realize that federal RICO reached only activities specifically intended to interfere with interstate of foreign commerce. Counsel effectively advised him that because his conduct of "looking the other way" and accepting some money from other officers was wrong, when combined with the media attention, despite the truth, Mr. Allers was toast——that is, he would be found guilty, therefore he might as well plead guilty and beg for the court's mercy.

Neither counsel nor court ensured that Mr. Allers understood the mens rea or actus reas elements of the crimes (RICO, Hobbs Act Robbery). If Mr. Allers had understood the elements, then he could not have pleaded guilty as he did.

C-5

CONTINUATION PAGE

**GROUND FIVE: Defense counsel's deficient performance deprived Mr. Allers of the effective assistance of a sentencing-stage attorney.**

**Supporting Facts:**

This district court did not comply with U.S.S.G. § 1B1.3 when determining Mr. Allers's relevant conduct and the guidelines range from which to commence the sentence calculating under 18 U.S.C. § 3553(c). This court did not identify the scope of the jointly-undertaken activity or the foreseeability of the co-conspirators criminal conduct. Mr. Aller received approximate $5,000, not more than $100,000. Moreover, he did not know what his alleged co-conspirator received. Mr. Allers had no involvement with the criminal gangs and was unaware that the co-conspirators had either gang affiliations or dealings with gangs.

At time of sentencing, Mr. Allers was experiencing the debilitating effects of his PTSD and anxiety medication.

Furthermore, at sentencing, counsel filed to challenge the factual inaccuracies laced through the PSR and the factual profeer, including these actions of the co-conspirators that the PSR assert Mr. Allers knew of and did not, such as

Finally, defense counsel did not challenge the PSR's other factual inferences like Mr. Allers's crimes involving firearms or other weapons. Mr. Allers's, to the extent any of his conduct was criminal, did nothing more than receive small amounts of money from other police officers.

Counsel should have challenged the facts. Mr. Allers points out that these same operative facts support other grounds for relief: (1) that this court violate both due process and equal protection when it elected to bypass the Guidelines sentencing methodology; and (2) that the government violated its fair

C-6

CONTINUATION PAGE

**GROUND ONE: Defense counsel knew Mr. Allers was dissatisfied with his sentence, but did not discuss the benefit or detriments of not filing a direct appeal. If defense counsel had consulted with Mr. Allers, then Mr. Allers would have appealed.**

**Supporting Facts:**

Mr. Allers told defense counsel that he did not believe he was guilty of a serious crime that to the extent of his conduct was wrong, that his conduct was minuscule compared to others. Hence, if he was punished appropriately, his sentence would be a few years at most. He thought his conviction was political and feared his sentence was media driven. Counsel acknowledged the dissatisfaction, but told him there was nothing he could do. His guilty plea and the plea agreement effectively waived his right to appeal. Thus, any real chance of challenging the sentence had passed.

After sentencing while in court, Mr. Aller's told his attorney that he was not happy with the sentence and it was unfair. Counsel said nothing could be done, the appeal was waived, and never discussed it further.

## CONTINUATION PAGE

**GROUND TWO: The Tenth Amendment reserves to the States the right to regulate its own law enforcement officers. The federal government extension of its ordinary criminal laws to state law enforcement officers encroaches on state sovereignty and violates the Constitution.**

**Supporting Facts:**

Mr. Allers worked for the State of Maryland (City of Baltimore) as a law enforcement officer. The federal government concluded that Mr. Allers's conduct in the course of his duty violated Maryland law, and by virtue of federal conspiracy laws (RICO) and interference with commerce laws (Hobbs Act) constituted a federal crime.

Although Mr. Allers, consistent with the form § 2255 motion's instruction, avoids legal argument and citation of authority, he briefly explains that the preceeding facts implicate a Tenth Amendment violation. The Tenth Amendment preserves to the States the power and authority that belonged to the them before formation of the Republic. Among that power and authority, the States' right to manage and regulate its own police officers. The federal government use of it criminal laws (other possibly than for a (state authorized) Constitutional violation) to control the behavior of state law enforcement constitutes to an impermissible encroachment on State sovereignty that renders the criminal laws as applied unconstitutional. Further, it is conceivable that the federal statues are facially invalid, since as a practical matter Constitutionally permissible enforcement cannot be distinguished from Constitutionally impermissible conduct. Again, the form does not permit a full discussion of the legal issue that requires separate briefing. At this point, succinctly, the federal government violated the Constitution when it used its criminal laws to violate the State of Maryland's sovereignty. The conviction should be vacated.

CONTINUATION PAGE

**GROUND FOUR: Mr. Allers's guilty plea was constitutionally unintelligent, unknowing, and involuntary.**

**Supporting Facts:**

The Constitution does not accept an individual's self-incriminating statement or guilty plea unless the accused knowingly, intelligently, and voluntarily waives his or her constitutional protections and right. Implicit in that doctrine, the accused must understand the true nature of the charges against him or her. An understanding that entails a proper comprehension of the element of the crimes of conviction.

At the time of the guilty plea (and today, for that matter) Mr. Allers does not know the elements of a federal Racketeer Influenced and Corrupt Organization Act violation. Mr. Allers did not realize that his guilty plea meant that he voluntarily entered into a continuing conspiracy with the specific intent to further the conspiracy's specific objectives. Further, Mr. Allers did not realize that federal RICO reached only activities specifically intended to interfere with interstate of foreign commerce. Counsel effectively advised him that because his conduct of "looking the other way" and accepting some money from other officers was wrong, when combined with the media attention, despite the truth, Mr Allers was toast——that is, he would be found guilty, therefore he might as well plead guilty and beg for the court's mercy.

Neither counsel nor court ensured that Mr. Allers understood the mens rea or actus reas elements of the crimes (RICO, Hobbs Act Robbery). If Mr. Allers had understood the elements, then he could not have pleaded guilty as he did.