# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**THOMAS ALLERS,**<br><br>**Defendant** | **Criminal No. CCB 17-452**<br>**Civil No. CCB 19-1773** |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE

The United States of America, by its undersigned attorneys, herein replies to the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aide or Correct Sentence (ECF No. 49). For the reasons set forth below, the Defendant's motion should be denied.

### I. PROCEDURAL HISTORY

On August 24, 2017, a federal grand jury sitting in Baltimore indicted the Defendant on charges of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), racketeering, in violation of 18 U.S.C. § 1962(c) and Hobbs Act robbery, in violation of 18 U.S.C. § 1951. In sum, the charges alleged that the Defendant, a Baltimore Police Department (BPD) Sergeant at the time of his indictment, robbed civilians during the execution of search warrants when he served as the officer-in-charge of the BPD's Gun Trace Task Force.

On December 6, 2017, the Defendant pled guilty to Count One of the indictment, charging him with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) pursuant to a plea agreement with the United States.

On May 31, 2018, the Defendant was sentenced to a term of incarceration of 180 months.

1

On June 10, 2019, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (ECF No. 49).

## II. SUMMARY OF THE DEFENDANT'S ARGUMENTS

In his motion, the Defendant raised five grounds as bases for relief.

First he complained that his counsel did not appeal his sentence, which the Defendant was "dissatisfied with."

Second, he argued that his prosecution violated the Tenth Amendment to the United States Constitution.

Third, he claimed that one of the robberies he admitted to committing in the factual statement appended to his plea agreement, the accuracy of which he confirmed under oath, at his guilty plea hearing, didn't happen.

Fourth, he asserted that his "guilty plea was constitutionally unintelligent, unknowing and involuntary."

Fifth, he challenged the calculation of his advisory sentencing guidelines and criticized his counsel for failure to object to the calculation.

All of the Defendant's arguments are meritless and will be addressed in turn.

## III. THE LAW

Section 2255 provides four avenues by which a petitioner can seek relief:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the

> sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015)

Section 2255 provides that habeas relief should be awarded where

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. Thus, a district court's resolution of a prisoner's § 2255 petition proceeds in two steps. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010); *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). First, the district court must determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds. Second, if the prisoner's sentence is found unlawful on one of those grounds, the district court should grant the prisoner an "appropriate" remedy, which includes discharge, resentencing, or a new trial. *Id*. If the prisoner fails to show that his sentence is unlawful on one of the specified grounds under the threshold inquiry, however, "the court must deny the petition." *Id*.

As the Supreme Court has held, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1981). The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists because, once a Defendant's opportunity to pursue a direct appeal has been waived or exhausted,

3

there is "a final judgment [that] commands respect." *Id*. at 164–65.

As the Fourth Circuit has held, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

Alternatively, a petitioner may overcome the procedural default bar in limited circumstances by demonstrating that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. *Mikalajunas*, 186 F.3d at 494. Actual innocence, however, "means factual innocence, not mere legal insufficiency" of a conviction. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *see Mikalajunas*, 186 F.3d at 494 (indicating that a petitioner must demonstrate "actual factual innocence"). A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

4

A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. *See United States v. Baptiste*, 596 F.3d 214, 216 n. 1 (4th Cir. 2010) (*quoting Massaro v. United States*, 538 U.S. 500, 504–06 (2003)) ("'[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the trial record is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a Defendant with "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)) (emphasis added). In order to demonstrate that defense counsel failed to provide effective assistance, in violation of the Constitution, a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate

performance caused the petitioner prejudice. *Id*. at 687–88, 104. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of this test articulated in *Strickland*. *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of the Strickland test, courts "must be highly deferential." *Id*. at 689; *see also Kimmelman v. Morrison*, 477 U.S. 365, 381–82 (1986) (discussing the "highly demanding" *Strickland* standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the Defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir. 1978); *see Strickland*, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

The second prong of the *Strickland* test requires a petitioner to "affirmatively prove prejudice." *Id*. at 693. To meet this prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693–94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. If the Petitioner fails to prove either of the

two prongs of the Strickland test, the Court need not evaluate the other prong of the test. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

IV.    ARGUMENT

A. **Claims Concerning Defense Counsel's Advice on Appealing the Sentence**

The Defendant asserts in his *pro se* filing the following:

> Mr. Allers told defense counsel that he did not believe he was guilty of a serious crime that to the extent of his conduct was wrong, that his conduct was miniscule compared to others.  Hence, if he was punished appropriately, his sentence would be a few years at most.  He thought his conviction was political and feared his sentence was media driven.  Counsel acknowledged the dissatisfaction, but told him there was nothing he could do.  His guilty plea and plea agreement effectively waived his right to appeal.  Thus, any real change of challenging the sentence passed.
>
> After sentencing, while in court, Mr. Allers told his attorney that he was not happy with the sentence and it was unfair.  Counsel said nothing could be done, the appeal was waived, and never discussed it further.

Def. Mot. at 13.

The Defendant cannot show that counsel's performance was deficient under *Strickland*. The Defendant had, in fact, waived his right to appeal his sentence.  His plea agreement contained the following waiver:

> The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. ' 3742 or otherwise, to appeal whatever sentence is imposed, including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant=s criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised.

Plea Agreement at 9 (ECF No. 20).

In the colloquy the Court conducted when the Defendant pled guilty, this provision was

specifically discussed with him. First the Court asked him:

> THE COURT: All right, sir.
> Do you understand that under the law -- and this may be changed somewhat by your plea agreement -- but under the law, if you think I make a mistake deciding on your sentence, you have the right to appeal?
> The same is true for the Government ordinarily under the law, if the Government thinks I make a mistake deciding on the sentence, then they have the right to appeal.
> Do you understand that?
>
> THE DEFENDANT: Yes, ma'am, I do.

Transcript of Rule 11 Hearing at 7 (Exhibit 1). The Court later returned to the Defendant's appellate rights and advised him:

> THE COURT: … Paragraph 20 relates to appeal rights.
> And, first of all, it says that you're giving up your right to appeal your conviction. So, in other words, your guilty plea today is your conviction of this charge, the racketeering conspiracy, and you're giving up your right to appeal that conviction. And then it says both you and the Government are giving up the right that I previously mentioned to appeal the sentence.

*Id*. at 18. Later the Court asked the Defendant, "-- obviously, again, I didn't read it word for word, but as far as you're concerned, what I just went through with you, was that a correct summary of what you think your agreement with the Government is?" *Id*. at 20. The Defendant responded, "Yes, ma'am. *Id*.

Thus, counsel's advice that the Defendant had waived his right to appeal his sentence, was correct.

### B. Tenth Amendment Claims

The Defendant's Tenth Amendment claims, because they were not raised on direct appeal, are procedurally defaulted and none of the criterion for overcoming the procedural default bar are present.

8

### C. <u>Defendant's Claim That One of the Robberies He Admitted Committing Didn't Occur</u>

The Defendant's claim that he did not rob B.H. is procedurally barred because he did not raise this issue on direct appeal and none of the criterion for overcoming the procedural default bar are present.

### D. <u>Claims About the Defendant's Guilty Plea</u>

The Defendant's argument that his "guilty plea was constitutionally unintelligent, unknowing and involuntary," is not grounds for relief in this proceeding. "… [T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). It was not.

### E. <u>Claims About the Calculation of His Advisory Sentencing Guidelines</u>

The Defendant disagrees with various decisions the Court took in calculating his advisory sentencing guidelines and faults his counsel for failing to address them. None of these claims can form the basis of relief.

"The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable. *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) *citing Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted).

None of the various defects that the Defendant found in the conduct of his sentencing hearing amount to "fundamental defect[s]" which "inherently result[ed] in a complete miscarriage of justice."

Similarly, "[b]arring extraordinary circumstances," claims of non-constitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. *United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999). The purported errors the Defendant has asserted occurred are not of a constitutional variety. Further, the Defendant fails to identify any "extraordinary circumstances" at his sentencing hearing that rise to the level of a claim under § 2255.

"Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *Id.*; *see United States v. Mikalajunas*, 186 F.3d 490, 495–496 (4th Cir. 1999) ( "[M]isapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."); *see also Auman v. United States*, 67 F.3d 157, 161 (8th Cir.1995) (holding absent a "miscarriage of justice," ordinary questions of Guidelines interpretation are not cognizable on collateral review); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); *Knight v. United States*, 37 F.3d 769, 773–74 (1st Cir. 1994) (holding that misapplication of Sentencing Guidelines is generally not a proper claim under § 2255); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

In this case the Defendant was sentenced below the statutory maximum term of incarceration of 20 years. His claims of error all relate to the calculation of his advisory sentencing guidelines calculation, and are therefore not cognizable under § 2255.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the Defendant's claim for relief pursuant to 28 U.S.C. § 2255, without holding an evidentiary hearing.

              Respectfully submitted,

              Robert K. Hur
              United States Attorney

          By:_____/s/_____
              Leo J. Wise
              Derek E. Hines
              Assistant United States Attorney
              36 South Charles Street
              Fourth Floor
              Baltimore, Maryland 21201
              (410) 209-4800

Date: October 23, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Government's Response to Defendant's Motion to Correct a Sentence Imposed Order was filed with the Court, using the CM/ECF system electronically and mailed, first-class- postage prepaid, to Xavier Holden, Defendant *pro se*.

              _____/s/_____
              Leo J. Wise
              Assistant United States Attorney